[Civ. No. 9708.   Second Appellate District, Division Two.—June 13, 1935.]

ALBERT PIKE STOCKWELL, Respondent, v. JOHN B. FOSTER et al., Appellants.

Swanwick, Donnelly & Proudfit, William B. Himrod and Donald O. Welton for Appellants.

Walter L. Bowers, as *Amicus Curiae* on Behalf of Appellants.

Overton, Lyman & Plumb, Irving H. Prince and Cecil A. Borden for Respondent.

SCOTT, J., *pro tem.*—Plaintiff recovered a deficiency judgment against defendants following foreclosure of a trust deed, and the latter appeal.

In April of 1926 appellants executed a promissory note in favor of respondent and his wife (now deceased), and as security therefor executed and delivered a deed of trust to certain real property. Thereafter appellants conveyed the land to one Beesemyer, who assumed and agreed to pay the note and who later conveyed the property to a corporation which did not assume or agree to pay the note.

Appellants protest that certain findings of the trial court are not warranted by the evidence. Attention is first directed to a finding that it was not true, as contended at the trial by appellants, that respondent or the bank to which he had pledged the note had agreed to or did extend the time of payment of the whole or part of the principal. The transcript, however, discloses evidence which justifies such a finding.

It is next suggested that the finding that appellants consented to an agreement as to the release of parcels of the land is improper. The original agreement contemplated the release and reconveyance of acre parcels at a fixed minimum price. The later agreement did not lower this price but merely provided for release and reconveyance of smaller areas upon payment of a price which was proportionately higher than the sum as originally fixed. Such partial payment and release reduced the principal obligation while diminishing the *corpus* of the trust. The modification of which complaint is made relates merely to the method of carrying out the express agreement originally made by appellants, and amounted to no more than a working schedule for carrying out the intention of the parties as first expressed. The consent of appellants may be inferred from the language of the original agreement signed by them.

The further finding that the sale of the real property under the trust deed was properly conducted is amply supported by the record.

Judgment affirmed.

Crail, J., and Stephens, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 11, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 12, 1935.

Preston, J., voted for a hearing.